UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Jeffrey Heleen

    v.                                        Civil No. 06-cv-452-PB

Bank of America, et al.


**REPORT AND RECOMMENDATION**

Jeffrey Heleen has filed suit against Bank of America and two of its officers, Shauna Smith and Jonathan Thivierge, alleging that the defendants have violated his federal constitutional and statutory rights, and violated state law, by honoring a third-party request to seize or withhold Heleen's deposits (document no. 1). Heleen has filed a motion for a temporary restraining order (document no. 2), pursuant to Fed. R. Civ. P. 65(b), seeking the immediate return of $5,951.56, the sum he claims was illegally withheld from him by defendants. The motion for temporary restraining order has been referred to me for a report and recommendation (document no. 4). For the reasons stated herein, I recommend the motion be denied.

## Background

Heleen alleges in his complaint that the defendants withheld $5,951.56 from him at the direction of an unnamed government agency. Heleen states that the defendants, at the time they withheld the money, did not have a court order or proper notice, or evidence of proper notice made to Heleen, to require the defendants to withhold the money. Because, Heleen alleges, the defendants were not legally obligated to comply with the request of the government agency, the withholding of the money violated Heleen's due process rights, and also constituted fraud and breach of contract.

## Discussion

Heleen has requested that the Court direct the return of the questioned funds to him without requiring that notice of his request be made to the defendants. Such a motion is governed by Fed. R. Civ. P. 65(b) which states in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made

>       to give the notice and the reasons supporting the
>       claim that notice should not be required.

The motion is not supported by the required affidavit or verified complaint.  Moreover, Heleen has made no specific showing of irreparable injury that might accrue if he is not granted an immediate restraining order.  His bald assertion that he will suffer irreparable injury if relief is not granted is insufficient to trigger the extraordinary remedy of granting a restraining order without notice to the defendants.  Further, Heleen has made no showing of any attempt to provide notice of this motion to the defendants and has not stated any reason why notice should not be required.  Such an additional showing is required under Fed. R. Civ. P. 65(b)(2).  See Carroll v. President & Comm'rs of Princess Anne, 393 U.S. 175, 180 (1968) ("There is a place . . . for ex parte issuance, without notice, of temporary restraining orders of short duration; but there is no place . . . for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate.").

   Because the motion entirely fails to state any specific reason why a temporary restraining order is necessary to prevent irreparable harm, and also fails to make any showing as to why

this matter should proceed without notice to the defendants, I recommend that it be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   January 11, 2007

cc:   Jeffrey Heleen, pro se
      Thomas J. Pappas, Esq.